PETER H. KLEE, Cal. Bar No. 111707
SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
501 West Broadway, 19th Floor
San Diego, California 92101-3598
Telephone:  619.338.6500
Facsimile:   619.234.3815
E mail         pklee@sheppardmullin.com

SCOTT SVESLOSKY, Cal. Bar No. 217660
SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
333 South Hope Street, 43rd Floor
Los Angeles, California 90071-1422
Telephone:  213.620.1780
Facsimile:   213.620.1398
E mail         ssveslosky@sheppardmullin.com

Attorneys for Defendant
ALLSTATE NORTHBROOK
INDEMNITY COMPANY

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| CLIFTON JOHNSON, an individual,<br><br>Plaintiff,<br><br>v.<br><br>ALLSTATE NORTHBROOK INDEMNITY CO., a corporation; DOES 1 – 10, Inclusive,<br><br>Defendants. | Case No. 2:20-CV-09414 GW (PVCx)<br><br>**DECLARATION OF ROBERT DAGMY IN SUPPORT OF ALLSTATE'S MOTION FOR SUMMARY JUDGMENT**<br><br>Date:   May 6, 2021<br>Time:  8:30 a.m.<br>Crtrm: 9D (Hon. George H. Wu)<br><br>Complaint Filed:  September 2, 2020<br>Trial Date:           October 12, 2021 |

# DECLARATION OF ROBERT DAGMY

I, Robert Dagmy, declare as follows:

1. I am an attorney duly admitted to practice before this Court. I am employed as a Trial Attorney at the Law Offices of Robyn N. Jones-Williams, a captive law firm for Allstate Insurance Company. In that capacity and for the past 18 months, I have represented and defended Allstate Insurance Company and its affiliated entities, including Allstate Northbrook Indemnity Company (collectively "Allstate"), in a variety of disputes, including uninsured motorist ("UM") arbitration proceedings. I am familiar with Allstate's retention, distribution and security of its files and related materials. The facts set forth below are based upon my own personal knowledge and/or information obtained from Allstate's business records, which were created in the ordinary course of business at or near the time of the events reflected in those records. If called and sworn as a witness, I could and would testify competently thereto.

2. In my capacity as a Trial Attorney, I am personally familiar with the manner in which my firm's files and Allstate's files and records are generally prepared and maintained with respect to UM claims. As part of its normal business activities, Allstate's staff attorneys, such as myself, maintain information that Allstate generates and receives regarding claims and losses in a claim file and claim notes. My firm also maintains a file for the UM claim. The firm's file and Allstate's claim file for a particular underinsured/uninsured motorist claim generally contains records and documentation regarding the firm's defense of and Allstate's handling of that claim, including correspondence, notes, medical reports and charts, medical bills and invoices, payment records, and compilations of other data prepared at or near the time of the acts, events or conditions identified or described in each document. The firm's file and Allstate's claim notes function as a diary of activities regarding a given claim that are entered by adjusters or other claim personnel at or near the time of the acts or events described therein. Allstate relies

upon information in the firm's file and its own claim files, claim notes, and policy files for the investigation, adjustment, and payment of claims.  True and correct copies of relevant excerpts from the firm's file and claim file and claim notes are attached to Allstate's Compendium of Evidence where indicated in support of its Motion for Summary Judgment.

3.	On February 25, 2020, I was assigned to defend Allstate in the UM arbitration proceedings demanded by plaintiff Clifton Johnson.  I took over the defense from former staff attorney and my predecessor, Jessica Carranza.  Ms. Carranza was staff counsel with Allstate captive law firm, the Law Offices of Steven D. Levine, the predecessor to the Law Offices of Robyn N. Jones-Williams.  The change in firms representing Allstate was a change in name only (*i.e.*, the lead attorney retired and Ms. Jones-Williams was promoted), as both firms are and were comprised of attorneys who were all Allstate employees.  I was employed with the firm before and after the name change.

4.	Attached to Allstate's Compendium of Evidence as **Exhibit 44** is a true and correct copy of a September 12, 2018 letter that Allstate's staff counsel sent to Johnson's counsel, accepting Johnson's arbitration demand and serving written discovery.

5.	Attached to Allstate's Compendium of Evidence as **Exhibit 7** is a true and correct copy of Johnson's October 26, 2018 responses to Allstate's first set of form interrogatories, which Allstate's staff counsel received from Johnson's counsel.  Attached to Allstate's Compendium of Evidence as **Exhibit 45** is a true and correct copy of Johnson's October 26, 2018 responses to Allstate's first request for production of documents, which Allstate's staff counsel received from Johnson's counsel.  Attached to Allstate's Compendium of Evidence as **Exhibit 46** is a true and correct copy of Johnson's October 19, 2018 responses to Allstate's first set of special interrogatories, which Allstate's staff counsel received from Johnson's counsel.

6. Attached to Allstate's Compendium of Evidence as **Exhibit 47** is a true and correct copy of a January 13, 2019 email that Allstate's staff counsel sent to Johnson's counsel, rejecting Johnson's proposed list of arbitrators and proposing three alternative retired judges.

7. Attached to Allstate's Compendium of Evidence as **Exhibit 48** is a true and correct copy of a January 14, 2019 email that Allstate's staff counsel received from Johnson's counsel, rejecting all three arbitrators that Allstate had proposed and proposing three alternatives.

8. On April 1, 2019, Allstate's staff counsel deposed Johnson.

9. Attached to Allstate's Compendium of Evidence as **Exhibit 6** is a true and correct copy a June 28, 2019 Consultation Orthopedic Surgery report (also called an independent medical examination ("IME") report) that Allstate's staff counsel received from the office of Geoffrey M. Miller M.D. on July 1, 2019. Attached to Allstate's Compendium of Evidence as **Exhibit 54** is a true and correct copy of a June 28, 2019 Record Review Orthopedic Surgery report that Allstate's staff counsel received from the office of Dr. Miller on July 1, 2019.

10. Attached to Allstate's Compendium of Evidence as **Exhibit 49** is a true and correct copy of a June 28, 2019 letter that Allstate's staff counsel sent to Johnson's counsel, agreeing that Judge Rubin (ret.) could serve as arbitrator for the matter.

11. Attached to Allstate's Compendium of Evidence as **Exhibit 50** is a true and correct copy of a July 18, 2019 Orthopedic Medical Evaluation report by Johnson's orthopedic expert, Michael D. Smith M.D., which Allstate's staff counsel received from Johnson's counsel.

12. Attached to Allstate's Compendium of Evidence as **Exhibit 51** is a true and correct copy of Johnson's Petition to Compel Arbitration, filed with the court on November 19, 2019 and served on Allstate's staff counsel.

13. Attached to Allstate's Compendium of Evidence as **Exhibit 52** is a true and correct copy of Allstate's Opposition to Johnson's Petition to Compel Arbitration, filed with the court on January 28, 2020 and served on Johnson's.

14. On March 10, 2020, I emailed Johnson's counsel, Rickie Ivey, and, on Allstate's behalf, offered $15,100 to resolve Johnson's UM claim. On March 11, 2020, I received communication from Mr. Ivie who said that his client rejected the settlement offer and demanded $50,000.

15. On March 17, 2020, Johnson's UM arbitration took place before Judge Shook (ret.). I attended the arbitration and represented Allstate. During the arbitration I, among other things, offered into evidence and for Judge Shook's consideration, Dr. Miller's June 28, 2019 IME report. On March 24, 2020 Judge Shook awarded Johnson $50,000. Attached to Allstate's Compendium of Evidence as **Exhibit 53** is a true and correct copy of Judge Shook's Binding Arbitration Award, which I received on March 24, 2002. For reasons unknown to me, Judge Shook did not reference Dr. Miller's IME report or opinions in his decision.

I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.

Executed this 5th day of April, 2021, in Yorba Linda, California.

_____
Robert Dagmy